IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-01254-MSK

MARIO MENDOZA,

    Applicant,

v.

RICK LINE, Warden, Arkansas Valley Corr. Fac., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO DISMISS IN PART

---

Applicant Mario Mendoza is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. Mr. Mendoza has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Adams County District Court case number 04CR1277. On May 27, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 16, 2014, Respondents filed a Pre-Answer Response (ECF No. 11) arguing that one claim in the Application is procedurally defaulted and that part of another claim is unexhausted. Respondents concede that the instant action is timely and that Mr. Mendoza's other claims are exhausted. On June 27, 2014, Mr. Mendoza filed "Applicant's Rep[l]y to Respondent[s'] Pre-Answer Response" (ECF No. 12).

The Court must construe the Application and other papers filed by Mr. Mendoza liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The factual background of Mr. Mendoza's crimes and convictions was summarized by the Colorado Court of Appeals in state court postconviction proceedings as follows:

> At the request of the owner's girlfriend, defendant attempted to physically remove the victim from the owner's condominium. Defendant forced the victim from the kitchen to the living room with a rifle or shotgun, grabbed the victim in an attempt to push him out through the front door, and struck the victim in the stomach with the butt of the gun. The victim was then fatally shot once in the chest.
>
> A jury convicted defendant of felony murder and attempted second degree kidnapping, and the court sentenced defendant to life in the custody of the Department of Corrections.

*People v. Mendoza*, No. 11CA1411, slip op. at 1 (Colo. App. Mar. 28, 2013) (ECF No. 11-7 at 2). The judgment of conviction was affirmed on direct appeal. *See People v. Mendoza*, No. 05CA1424 (Colo. App. Oct. 25, 2007) (ECF No. 11-3). On March 10, 2008, the Colorado Supreme Court denied Mr. Mendoza's petition for writ of certiorari on direct appeal. (*See* ECF No. 11-5.)

On December 18, 2008, Mr. Mendoza filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 11-1 at 8.) Counsel was appointed to represent Mr. Mendoza in the state court postconviction proceedings

and counsel filed a supplemental postconviction motion.  (*See id.* at 7-8.)  Following a hearing, the trial court denied the Rule 35(c) motion.  (*See id.* at 6.)  On March 28, 2013, the Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion.  (*See* ECF No. 11-7.)  On December 9, 2013, the Colorado Supreme Court denied Mr. Mendoza's petition for writ of certiorari in the state court postconviction proceedings.  (*See* ECF No. 11-9.)

The Application was filed on May 1, 2014, and Mr. Mendoza asserts five claims for relief.  He asserts in claim 1 that the evidence was insufficient to support his convictions in violation of his right to due process.  He contends in claim 2 that the trial court failed to adequately instruct the jury on the meaning of the phrase "from one place to another" as part of the instruction for second degree kidnapping in violation of his right to due process.  Mr. Mendoza asserts in claim 3 that the trial court erred in refusing to instruct the jury on the lesser offenses of reckless manslaughter and criminally negligent homicide in violation of his constitutional right to a fair trial.  He contends in claim 4 that prosecutorial misconduct during closing arguments violated his constitutional right to a fair trial.  Mr. Mendoza finally contends in claim 5 that he received ineffective assistance of counsel because (a) trial counsel based critical decisions regarding the theory of defense on an incorrect interpretation of the law governing attempted second degree kidnapping; (b) trial counsel failed to request proper jury instructions regarding attempted kidnapping; and (c) counsel on direct appeal failed to properly frame the instructional error claim regarding attempted second degree kidnapping.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

### III. EXHAUSTION OF STATE REMEDIES

Respondents concede that claims 1, 2, 4, 5(a), and 5(b) in the Application are exhausted. However, Respondents argue that claim 3 is unexhausted and procedurally barred and that claim 5(c) is unexhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v.*

*Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

**A. Claim 3**

As noted above, Mr. Mendoza contends in claim 3 that the trial court erred in refusing to instruct the jury on the lesser offenses of reckless manslaughter and criminally negligent homicide in violation of his constitutional right to a fair trial. Respondents contend that Mr. Mendoza failed to exhaust state remedies for claim 3 because, although he raised a factually similar claim on direct appeal, he did not raise the claim on direct appeal as a federal constitutional claim. Mr. Mendoza apparently argues that claim 3 is exhausted because two of the state court cases he cited in support of the claim in his opening brief on direct appeal, *People v. Garcia*, 940 P.2d 357 (Colo. 1997), and *People v. Rivera*, 525 P.2d 431 (Colo. 1974), provided fair notice of the federal constitutional issue he is raising in claim 3.

"If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Furthermore,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on

5

federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The Court has reviewed Mr. Mendoza's opening brief on direct appeal and finds that, unlike the other claims he raised on direct appeal, his claim challenging the trial court's refusal to instruct the jury on the lesser offenses of reckless manslaughter and criminally negligent homicide was not labeled or otherwise identified as a federal claim. (*See* ECF No. 11-2 at 34-36.) Furthermore, the Court is not persuaded that Mr. Mendoza's citation of either *Garcia* or *Rivera* constitutes fair presentation of the federal constitutional issue he is raising in claim 3 in the Application. In *Garcia*, the issue presented involved "the prosecution's entitlement to an instruction on a lesser offense over the defendant's objection, which implicates a defendant's due process right to notice of the charges against him." *Garcia*, 940 P.2d at 361. Mr. Mendoza does not allege in claim 3 in the Application that the trial court erred by granting a prosecution request for jury instructions on lesser offenses or that his constitutional right to notice of the charges against him was violated. Instead, the factual predicate for claim 3 is that the trial court erred by denying a defense request for jury instructions on lesser offenses. In that situation, i.e., when the defense requests an instruction on a lesser offense, a defendant's due process right to notice of the charges against him is not implicated. *See id.* (providing an instruction on a lesser offense at the defendant's request "does not violate his due process right to notice, because the request 'is tantamount to a defendant's consent to an added count being charged against him.'"). Thus, the fact that Mr. Mendoza cited *Garcia* in his opening brief does not constitute fair presentation of the federal constitutional issue he asserts in claim 3 in the Application. Likewise, the Colorado Supreme Court's reference in *Rivera* to "fair notice of the charges against him" does not

demonstrate that a citation to *Rivera* constitutes fair presentation of the federal constitutional issue Mr. Mendoza raises in claim 3.  *See Rivera*, 525 P.2d at 433-434.

For these reasons, the Court finds that Mr. Mendoza fails to satisfy his burden of demonstrating claim 3 exhausted.

**B.  Claim 5(c)**

Mr. Mendoza contends in claim 5(c) that counsel on direct appeal failed to properly frame the instructional error claim regarding attempted second degree kidnapping.  Respondents argue that claim 5(c) is not exhausted because, although Mr. Mendoza presented the claim to the Colorado Court of Appeals in the postconviction proceedings, he did not include the claim in his postconviction petition for writ of certiorari to the Colorado Supreme Court.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."  *Id*. at 847-48.  Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief
> matters from or after July 1, 1974, a litigant shall not be required to
> petition for rehearing and certiorari following an adverse decision
> of the Court of Appeals in order to be deemed to have exhausted

> all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As noted above, Respondents concede that Mr. Mendoza fairly presented claim 5(c) to the Colorado Court of Appeals and it is clear that the Colorado Court of Appeals denied relief.

The Court is not persuaded by Respondents' argument that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. Therefore, the Court finds that claim 5(c) is exhausted.

## IV.  PROCEDURAL DEFAULT

Although Mr. Mendoza failed to exhaust state remedies for claim 3, the Court may not dismiss claim 3 for failure to exhaust state remedies if Mr. Mendoza no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend that Mr. Mendoza no longer has an adequate and effective state remedy available to him, and that claim 3 is procedurally defaulted, because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure bars Mr. Mendoza from raising claim 3 in a new postconviction motion. Rule 35(c)(3)(VII) provides that, with limited exceptions not applicable to Mr. Mendoza's claim 3, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Thus, it is clear that Mr. Mendoza may not return to state court to pursue his unexhausted claim 3.


As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if the unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Mendoza's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Mendoza fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not independent and adequate. In any event, the Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction motion). Therefore, claim 3 is procedurally defaulted and cannot be considered unless Mr. Mendoza demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Mendoza must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Mendoza can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Mr. Mendoza makes no attempt to demonstrate cause and prejudice with respect to claim 3. However, he may be contending that a failure to consider claim 3 will result in a fundamental miscarriage of justice because he asserts that he "has maintained his innocence from the outset of the case." (ECF No. 12 at 3.)

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Mendoza's conclusory assertion that he has maintained his innocence is not sufficient to demonstrate the existence of a fundamental miscarriage of justice because he fails to offer new evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"). Therefore, claim 3 is procedurally barred and must be dismissed.

## V.  CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that claims 1, 2, 4, 5(a), and 5(b) are exhausted. The Court rejects Respondents' arguments that claim 5(c) is unexhausted. However, claim 3 will be dismissed as unexhausted and procedurally barred. Accordingly, it is

**ORDERED** that claim 3 in the Application is DISMISSED because the claim is unexhausted and procedurally barred. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED this 21st day of July, 2014.

                                                 **BY THE COURT:**

                                                 *Marcia S. Krieger*

                                                 _____
                                                 Marcia S. Krieger
                                                 United States District Court